UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br><br> RICHARD T. FREI and DEBORAH A. FREI, individually and as alter egos of business entity RODEO CLUB and RODEO CLUB WAY BACK STEAK HOUSE, <br><br> Defendants. | Case No. 4:12-cv-0127-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

On March 5, 2013, the Court clerk entered defendant Richard and Deborah Frei's default for failing to plead or otherwise defend this action.  Plaintiff J & J Sports Productions, Inc. now asks the Court to enter a default judgment against these defendants. *See* Dkt. 15.  The Court will grant the motion in part, and deny it in part.

### THE ALLEGED FACTS

J & J bought the exclusive nationwide television distribution rights to a boxing match billed as *The Battle of East and West: Manny Pacquiao v. Ricky Hatton, IBO Light Welterweight Championship Fight*.  The boxing match was telecast nationwide on May 2,

2009. *Compl.*, Dkt. 1, ¶ 12. Defendants aired the fight at the Rodeo Club, which is presumably a bar or restaurant, in Riggins, Idaho. *Id.* ¶ 15. Also, according to the complaint, defendants intercepted and displayed the fight willfully and for "purposes of direct or indirect commercial advantage or private financial gain." *Id.*

J & J asserts three claims based on these allegations: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion. In its pending motion, J & J requests a default judgment awarding $100,000 in damages on the first claim and $50,000 in damages on the second claim, plus $2,890 in attorneys' fees and costs. J & J does not request default judgment on the conversion claim or address it in any way. The Court therefore considers this claim abandoned.

## ANALYSIS

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the district court for entry of judgment by default after the clerk has entered the party's default based on its failure to plead or otherwise defend itself. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). The Court should consider the following factors – often referred to as the *Eitel* factors – in deciding whether to grant a default judgment:

(1) the possibility of prejudice to plaintiff,

(2) the merits of plaintiff's substantive claim,

(3) the sufficiency of the complaint,

(4) the sum of money at stake in the action,

> (5) the possibility of a dispute concerning the material facts,
>
> (6) whether the default was due to excusable neglect, and
>
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Additionally, after entry of default, all well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). However, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*.

The majority of the *Eitel* factors support a default judgment on one of plaintiff's claims. Regarding factor (1) – prejudice to the plaintiff – if the Court wholly denied the motion, J & J would be left without a remedy given defendants' failure to appear and defend themselves. As for factors (5) and (6), by virtue of defendants' failure to appear, there is no evidence there might be a disputed material fact or that defendants' default was due to excusable neglect. Factors (2) and (3), regarding the sufficiency and merits of plaintiff's claims, also favor a default judgment and are discussed in the next section.

Two factors weigh against default judgment. First, regarding the fourth *Eitel* factor, plaintiff is seeking over $150,000, which is a relatively large amount. In addition, the seventh factor – the policy favoring decisions on the merits – weighs against default judgment.

On balance, however, the *Eitel* factors support Plaintiff's motion for default, and the Court will grant the motion as to plaintiff's first claim for relief.

MEMORANDUM DECISION AND ORDER - 3

1.      **The Sufficiency and Merits of Plaintiff's Claims**

    A.      **The Relevant Statutes**

J & J alleges that defendants violated 47 U.S.C. § 553 and 47 U.S.C. § 605. Both of these statutes combat theft of television signals. To oversimplify, § 553 deals with theft of cable television communications, while § 605 deals with theft of satellite television communications. J & J seeks statutory damages under both statutes, including $100,000 under § 605 and $50,000 under § 553. To award plaintiff this entire amount, the Court would have to conclude that defendants simultaneously violated both statutes by airing a single television program.

There is no Ninth Circuit authority authorizing such an approach. Three of the four circuits addressing the issue – the First, Third, and Seventh – hold that § 605 and § 553 are mutually exclusive. *See Charter Commc'ns Entm't I, DST v. Burdulis,* 460 F.3d 168, 173-78 (1st Cir. 2006)*; TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 197 (3d Cir. 2001); *United States v. Norris*, 88 F.3d 462, 466-69 (7th Cir. 1996). Only the Second Circuit holds that both § 553 and § 605 may potentially apply to theft of cable television signals. *See Intern'l Cablevision, Inc. v. Sykes,* 75 F.3d 123, 133 (2d Cir. 1996). But even the Second Circuit did not authorize damages under both sections. It remanded to the district court to determine damages under § 605, which allows for greater recovery than does § 553. *Id.* at 129 (remanding for imposition of damages under § 605(3) "'*instead of* . . . the lesser damages available under § 553'") (citation omitted, emphasis added). *See also Integrated Sports Media, Inc. v. Naranjo,* Case No. 1:10-cv-

00445-AWI-SMS, 2010 WL 3171182, at *3 (E.D. Cal. Aug. 11, 2010) ("the majority of courts in the Ninth Circuit and elsewhere have imposed damages only pursuant to one of the two sections."). *But see Home Box Office v. Gee-Co, Inc.*, 838 F. Supp. 436, 439-40 (E.D. Mo. 1993) (awarding damages under § 553 and § 605).

Here, J & J does not specify whether defendants used cable or satellite to air the program. Instead, plaintiff just says that the defendants "unlawfully" intercepted and published the fight. As a result, this Court cannot determine which of the two statutes applies and will therefore award damages under just one of these sections. Given defendants failure to appear and defend this action, the Court will award damages under § 605, which has the higher limits.

B. **Damages under 47 U.S.C. § 605**

Under § 605, plaintiffs may seek either (a) actual damages, or (b) statutory damages of not less than $1,000 or more than $10,000. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). Additionally, if the defendant violated the statute willfully and for purposes of "direct or indirect commercial advantage or private financial gain," the Court in its discretion, may increase the damages award by up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

The complaint alleges that defendants violated § 605 willfully and for purposes of direct or indirect commercial advantage or private financial gain. The Court accepts the truth of these factual allegations and therefore will award the full amount of damages requested on this claim – $100,000.

**2.      Costs & Attorneys' Fees**

Section 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The Court will therefore award plaintiff its full costs of $390, plus $2500 in attorneys' fees, which the Court concludes is reasonable.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion for Default Judgment (Dkt. 15) is **GRANTED** in part. The Court will enter judgment on the first claim for relief in the amount of $100,000, plus $390 in costs, plus $2,500 in attorney's fees, for a total award of $102,890. The remaining claims are **DISMISSED.**

2. The motion is **DENIED** in all other respects.

3. Judgment will be entered separately.

DATED: June 21, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court